FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

'97 AUG -6 PM 3: 47

U.S. DISTRICT COURT
N.D. OF ALABAMA

LOUIS NOTO,                              }
                                         }
     Plaintiff and Counter-              }
claim Defendant,                         }        CIVIL ACTION NO.
                                         }
     vs.                                 }        CV 96-AR-0852-S
                                         }
BONACKER & LEIGH, INC.,                  }
                                         }
     Defendant and Counter-
claimant.

ENTERED

AUG 6 1997

## MEMORANDUM OPINION

The court has before it the motion of defendant/counter-

claimant, Bonacker & Leigh, Inc. ("Bonacker"), for summary

judgment with respect to all claims in the above-entitled action,

both in the complaint and in the counterclaim.

Plaintiff/counterclaim defendant, Louis Noto ("Noto"), alleges

that Bonacker breached an employment contract between Bonacker

and Noto.  Bonacker not only denies that it breached the contract

but by way of counterclaim alleges that Noto breached the

contract and also committed the tort of intentional interference

with contractual and business relations.  Finding that no genuine

issues of fact exist with respect to the narrow issue of Noto's

seeking damages for pain and mental anguish relating to the

alleged breach of the employment contract, this court determines

that summary disposition pursuant to Rule 56 is appropriate with respect to said claim.  However, because genuine issues of fact exist with respect all other aspects of Bonacker's motion, Bonacker's motion will be denied in all other respects.

### I. Pertinent Undisputed Facts

Noto began working as a food broker in 1975.  He worked originally for Noto Brokerage Company.  Thereafter, in the 1980's, Noto Brokerage Company merged with Bill Lawrence and Company to form Lawrence-Noto Company ("L/N").  Noto owned 19% of L/N.

In September 1993, L/N entered into an Asset Purchase Agreement with Bonacker.  Bonacker purchased L/N's principal brokerage accounts, certain rights and records related thereto and certain of L/N's tangible assets.  Simultaneously with the Asset Purchase, Noto entered into a ten year employment contract with Bonacker.

The employment contract between Noto and Bonacker provided that Noto would be paid a base annual salary of $65,000.00 with a $20,000.00 annual bonus.  In addition, Noto received commissions on various accounts.  The employment contract was to terminate after ten years unless mutually extended in writing by both parties.  Bonacker could also terminate Noto "for cause."

Noto was employed as a vice-president and department manager

2

of the frozen food department with Bonacker.  On or about January 31, 1996, Bonacker delivered Noto a letter identifying deficiencies in his performance of his job duties and offering him a sixty (60) day probationary period within which to rectify the problems.  After Noto failed to respond to this letter, Bonacker issued Noto another letter on February 7, 1997, informing Noto of Bonacker's intent to fire him "for cause."   On or about February 16, 1997, by a third letter, Bonacker terminated Noto.

Because genuine issues of fact exist with respect to all claims save Noto's claim for damages for pain and mental anguish, this court will dispense with a discussion of the many facts, disputed or undisputed, that give rise to the remaining claims.

## II. Analysis

### A. Rule 56

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c).  The obvious was stated by the Eleventh Circuit as follows: "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is

entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994).   Bonacker has invoked Rule 56.

        B. Breach of Contract - Mental Anguish Damages

    In paragraph four (4) of Noto's complaint he seeks "damages for pain and mental anguish" in connection with the alleged breach of the employment contract.  While denying that it was in breach Bonacker argues that, in the event that there was a breach, Noto is not entitled to damages for pain and mental anguish.  This court agrees.

    "[C]ontract damages are limited to those flowing naturally and proximately from the breach and their purpose is to put the injured party in the position he should have been in but for the breach."  *See Hobson v. American Cast Iron Pipe Company*, 690 So. 2d 341, 344 (Ala. 1997).  In addition, such damages must have been within the contemplation of parties at the formation of the contract.  *See Sexton v. St. Clair Federal Sav. Bank*, 653 So. 2d 959, 960 (Ala. 1995).  It is clear to this court that any potential damages for pain and mental anguish resulting from an alleged breach of the employment contract between Noto and Bonacker were not within the parties contemplation and are too remote to be recoverable.  The Supreme Court of Alabama recently stated that "no recovery has ever been allowed for mental

4

distress arising from the wrongful discharge of an employee in breach of an employment contract." *Hobson,* 690 So. 2d at 344. Accordingly, Bonacker's motion for summary judgment as to Noto's claim for damages for pain and mental anguish is due to be granted.

A separate and appropriate order will be so entered.

DONE this ___6___ day of August, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT

5